UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIGSLIST, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>EVERYMD.COM LLC,<br><br>   Defendant. | Case No. 16-cv-03421-EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RULE 11 SANCTIONS**<br><br>Docket No. 40 |

Plaintiffs craigslist, Inc. ("CL") filed suit against Defendant EveryMD.com LLC ("EMD"), seeking a declaratory judgment that it does not infringe claim 4 of the '047 patent and that claim 4 is invalid. After CL filed an amended complaint, EMD answered and asserted counterclaims. EMD included as an affirmative defense an alleged violation of Federal Rule of Civil Procedure 11. CL moved to strike the affirmative defense on the ground that that a Rule 11 violation is not properly raised (*i.e.*, procedurally) as an affirmative defense. EMD filed a statement of nonopposition, and thus the Court granted CL's motion to strike. The Court noted that it was not addressing the substantive merits of whether there was a Rule 11 violation. *See* Docket No. 28 (order). Several weeks later, EMD formally moved for Rule 11 sanctions (after complying with the safe-harbor provision contained in Rule 11). This is the motion currently pending before the Court.

Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby finds the matter suitable for disposition without oral argument. The Court thus **VACATES** the hearing on the motion. The Court further **DENIES** EMD's motion for Rule 11 sanctions, and also denies CL's request that it be compensated for the fees incurred in opposing EMD's motion.

## I. DISCUSSION

Rule 11 provides in relevant part as follows:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Ninth Circuit law interpreting Rule 11 indicates that sanctions may be issued "when a filing is frivolous . . . or is brought for an improper purpose." *Estate of Blue v. Cnty. of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997). If a court finds a complaint nonfrivolous, it need not conduct an "improper purpose" analysis because "a non-frivolous complaint cannot be said to be filed for an improper purpose." *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987).

In the instant case, EMD charges CL with filing a frivolous complaint and for an improper purpose. Here, the Court need not reach the "improper purpose" analysis because EMD, as the party seeking relief, has failed to satisfy its burden of proving that CL's complaint was frivolous.[1] *See Tom Growney Equip., Inc. v. Shelley Irrig. Dev., Inc.*, 834 F.2d 833, 837 (9th Cir. 1987)

---

[1] The Court notes, however, that EMD's "improper purpose" argument appears problematic. According to EMD, the improper purpose was to needlessly increase the cost of litigation to EMD. But this is entirely speculative. Just because CL chose a judicial forum over an agency forum does not indicate bad faith on the theory that CL was depriving itself of substantive rights in order to drive up costs. There may be numerous reasons to choose a judicial forum. Moreover, it is not clear that the cost of litigation is dramatically increased because of CL's choice of forum.

2

1  (stating that "the burden of proving the sanctions were not justified was erroneously placed on

2  appellant [the party against whom sanctions were sought]").

3      "Frivolous filings are 'those that are *both* baseless *and* made without a reasonable and

4  competent inquiry.'" *Blue*, 120 F.3d at 985 (emphasis added).  As the Ninth Circuit noted in

5  *Holgate v. Baldwin*, 425 F.3d 671 (9th Cir. 2005):

> When . . . a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it."  As shorthand for this test, we use the word "frivolous" "to denote a filing that is both baseless and made without a reasonable and competent inquiry."

11  *Id.* at 676.  Although EMD criticizes CL for not providing an attorney declaration testifying about

12  what inquiry was conducted in the two days between the receipt of EMD's notice-of-infringement

13  letter and the filing of CL's complaint seeking declaratory relief, that failure is immaterial so long

14  as CL's complaint was not legally or factually baseless from an objective perspective.  *See id.*; *see*

15  *also In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996) (concluding that an

16  attorney may not be sanctioned if the complaint is well founded, even if she failed to conduct a

17  reasonable inquiry; also indicating that the issue is "would a reasonable attorney have believed

18  plaintiffs' complaint to be well-founded in fact based on what a reasonable attorney would have

19  known at the time").

20      Here, EMD claims that CL's complaint was factually baseless – more specifically, that

21  CL's contention that claim 4 of the '047 patent was invalid was not factually supported.  But that

22  position cannot be sustained given the results of the Facebook inter partes review:  the PTAB

23  decided to institute inter partes review on the grounds that there was a reasonable likelihood that

24  Facebook would prevail on its contention that claims 1-3, 5, and 6 are unpatentable as obvious

25  over certain prior art.  *See* Owens Decl., Ex. D (PTAB Decision at 13).  To be sure, the PTAB did

26  not address the validity of claim 4 (as Facebook did not contest that claim in the proceeding).  But

27  the PTAB's grant of review on claim 1 implicates the validity of claim 4, because claim 4 is, in

effect, part of the process described in claim 1, only in reverse.[2]  *See* Opp'n at 2-3.  EMD's argument that "'dependent or multiple dependent claims [*i.e.*, claim 4] shall be presumed valid even though dependent upon an invalid claim [claims 1-3],'" Reply at 4 (quoting 35 U.S.C. § 282), does not establish CL's challenge to claim 4 is frivolous.

## II.  CONCLUSION

Accordingly, the Court concludes that EMD has failed to show that CL's complaint was factually baseless, and, as a result, EMD's motion for sanctions is denied.

In its discretion, the Court also denies CL's request that it be awarded its fees for opposing the Rule 11 motion.  *See* Fed. R. Civ. P. 11 (c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.").

This order disposes of Docket No. 40.

**IT IS SO ORDERED**.

Dated: January 12, 2017

_____
EDWARD M. CHEN
United States District Judge

---

[2] Notably, EMD does not dispute this characterization of claim 4.

4